**JCJ**

# FILED

JUN 2 1 2004

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2241

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254
(eff.10/01/02)

WILLIE VEASY _____ PETITIONER
(Full name) (Include name under which you were convicted)

vs.                                    CASE NO. __04 cv 2719__
                                       (supplied by the Court)
DAVID DIGUGLIELMO, ET AL., _____ RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)
                    and
THE DISTRICT ATTORNEY OF THE COUNTY OF __PHILADELPHIA__
                    and
THE ATTORNEY GENERAL OF THE STATE OF __PENNSYLVANIA__
                                       ADDITIONAL RESPONDENT

WILLIE VEASY                           CA-4529
Name                                   Prison Number

STATE CORRECTIONAL INSTITUTION AT GRATERFORD, GRATERFORD, PA 19426
Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

1. YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION CANNOT BE FILED EXCEPT UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES REQUIRING CERTIFICATION BY THE THIRD CIRCUIT COURT OF APPEALS AS SET FORTH IN INSTRUCTION #13.

2. YOUR HABEAS CORPUS PETITION MUST BE FILED WITHIN THE 1-YEAR STATUTE OF LIMITATIONS TIME LIMIT SET FORTH IN 28 U.S.C. § 2244(d)(1). (THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PETITION MAY BE AMENDED, WITHIN THE ONE-YEAR TIME PERIOD, TO ADD ADDITIONAL CLAIMS OR FACTS, SEE FEDERAL RULE OF CIVIL PROCEDURE 15; OR AMENDED AFTER THE ONE-YEAR PERIOD EXPIRES, IN ORDER TO CLARIFY CLAIMS WHICH WERE TIMELY PRESENTED, SEE UNITED STATES v. THOMAS, 221 F.3d 430 (3d Cir. 2000).)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner on Page 12. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction #8.

7. Your petition will be filed if you have followed these instructions and it is in proper order. Petitions which are not in proper order will be returned to you with a notation as to what is improper.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages thirteen through twenty of the petition. You should answer all questions and sign where indicated on Pages 13 and 19. You should see to it that an authorized prison official completes the certification on Page 20. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition and send it back to you so that you can exhaust all your claims and file your petition again. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable, or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was</u> presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was not</u> presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

## PETITION

1. (a) **Name and location of court which entered the judgment of conviction under attack:** Court Of Common Pleas, Philadelphia County
   (b) **Name of Prosecutor:** Mark Gilson, A.D.A.
   (c) **Prosecution conducted by District Attorney's Office of** Philadelphia **County**

2. (a) **Date of Judgment of conviction:** February 19, 1993
   (b) **Indictment number or numbers:** 18 Pa. C.S.A. §§ 2502(b), 903, and 907(b)

   **Term:** June, 1992   **Criminal Case Number:** C.P.#9602-4152 1/1

3. **Length of sentence:** Inter Alia, Life   **Sentencing Judge:** John J. Poserina, Jr.

4. **Nature of offense or offenses for which you were convicted:**

   Murder in the second-degree, criminal conspiracy, and

   possessing an instrument of crime, generally.

5. **What was your plea? (check one)**
   (a) Not Guilty (X)   (b) Guilty ( )   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. **Kind of trial: (check one)**
   (a) Jury (X)   (b) Judge only ( )

7. **Did you testify at the trial?**   Yes ( )   No (X)

8. **Did you appeal from the judgment of conviction?**
   Yes (X) No ( )

9. **If you did appeal, answer the following:**

5

(a) **Name of court:** Superior Court of Pennsylvania

(b) **Result:** Judgment of Sentence Affirmed at No. 3217 PHL 1993

(c) **Date of Result:** July 28, 1994

~~If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:~~ Petition for Allowance of Appeal, PA Supreme Court, denied on November 17, 1994.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

                                Yes (X)     No ( )

11. If your answer to 10 was "yes", give the following information:

    (a) (1) **Name of Court:** Court Of Common Pleas, Philadelphia County

        (2) **Nature of proceeding:** Post Conviction Relief Act ("PCRA")

        (3) **Grounds raised:** Ineffective assistance of trial counsel for: (1) failure to conduct a full and adequate cross examination; and (2) failure to prepare for trial.

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( )    No (X)

        (5) **Result:** Michael G. Floyd, Esquire was court-appointed and he filed a "no-merits" letter, Judge John Poserina, Jr., dismissed petitioner's first PCRA petition.

        (6) **Date of result:** June 3, 1997

(7) Did you appeal the result to a higher court? Yes( )  No(X)

Court Name(s)_____ Result(s)_____ Result Date(s)_____

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: Court Of Common Pleas, Philadelphia County

(2) Nature of proceeding: Post Conviction Relief Act ("PCRA")

(3) Grounds raised: Newly After-Discovered Exculpatory Recantation Evidence.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ( )    No (X)

(5) Result: Judge John J. Poserina, Jr., dismissed the PCRA petition without a hearing.

(6) Date of result: October 7, 2002

(7) Did you appeal the result to a higher court? Yes( X)  No( )
Court Name(s) Superior    Result(s) Affirmed    Result Date(s) September 29, 2003
              PA Supreme             Denied                    March 9, 2004

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court: N/A

(2) Nature of proceeding: _____

(3) Grounds raised: _____

7

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
     Yes ( ) No ( )     N/A

(5) Result: _____N/A_____

(6) Date of Result: _____N/A_____

(7) Did you appeal the result to a higher court? Yes( ) No( ) N/A

Court Name(s)___N/A___ Result(s)__N/A____ Result Date(s)___N/A___


(d) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____N/A_____

_____


12. State concisely every ground on which you claim that you are being held unlawfully. GIVE SPECIFIC FACTS SUPPORTING EACH GROUND

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.
   For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

8

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: "Miscarriage of Justice" Based On After-Discovered Recantation Evidence of Denise Mitchell, Commonwealth Sole Identification Witness.

(Specific FACTS supporting this ground without citing cases or law):

The Petitioner, Willie Veasy, is Innocent. He did not commit the crimes charged. The sole witness to identify him as the perpetrator has now recanted her trial testimony and concedes that she made a misidentification; she did not see the Willie Veasy, commit the crimes. The State Court(s) will not entertain the merits of the Veasy's claim on the ground that it is untimely thus, Veasy requests that this Federal Court grant him a Writ of Habeas Corpus and review the instant habeas corpus petition, so as to prevent a miscarriage of justice. The State Courts determination that Veasy's claim is untimely and without merit is contrary to, and an unreasonable application of, clearly established Federal law.

B. Ground two: _____

9

_____N/A_____
(Specific FACTS supporting this ground without citing cases or law):
_____N/A_____
_____
_____
_____
_____
_____

**C. Ground three:** _____N/A_____

_____
(Specific FACTS supporting this ground without citing cases or law):
_____N/A_____
_____
_____
_____
_____

**D. Ground four:** _____N/A_____

_____
(Specific FACTS supporting this ground without citing cases or law):
_____N/A_____
_____
_____
_____
_____

10

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, **state briefly** what grounds were not so presented, and give your **reasons** for not presenting them:

N/A

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ( )    No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: Jules Epstein, Esquire - (Kairys R E & M), Suite 500, 924 Cherry Street, Philadelphia, PA 19107

   (b) At arraignment and plea: Jules Epstein, Esquire, supra.

   (c) At trial: Jules Epstein, Esquire, supra.

   (d) At sentencing: Jules Epstein, Esquire, supra.

   (e) On appeal: Jules Epstein, Esquire, supra.

   (f) In any post-conviction proceeding: Michael G. Floyd, Esq.,- (First PCRA) - 924 DeKalb St., Norristown, PA 19401; Daniel A. Rendine, Esquire (Second PCRA) - 1325 Spruce St., Philadelphia, PA 19107

   (g) On appeal from any adverse ruling in a post-conviction proceeding:

11

Daniel A. Rendine, Esquire, supra.

_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes (X)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (X)

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in future:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ( )  No ( ) N/A


I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 16, 2004__   _Willie Veasy_
                                Signature of Petitioner


_____
Signature of Attorney (if any)

12

## IN THE SUPREME COURT OF PENNSYLVANIA
### EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | No. 509 EAL 2003 |
| Respondent | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | |
| WILLIE VEASY, | |
| Petitioner | |

## ORDER

**PER CURIAM**

AND NOW, this 9th day of March 2004, the Petition for Allowance of Appeal is DENIED.

TRUE COPY FROM RECORD

Attest: MAR 0 9 2004
Patricia Johnson, Chief Clerk
Supreme Court of Pennsylvania,
Eastern District

EXHIBIT NO. "A"

## AFFIDAVIT

I, Denise Mitchell, say that all of the following statements are true and correct to the best of my knowledge, information, and belief:

I testified at the trial of Willie Veasy (Pee-Wee) in February 1993. He was on trial for the homicide of John Lewis (Jamaica) and the shooting and robbery of Gonzales, a drug dealer, in January 1992. At this trial, I said that from my window at 714 Russell Street in Philadelphia I saw Pee-Wee shoot Gonzales. At the time, I honestly believed that Pee-Wee was there and that he shot Gonzales. Since that time, I realized that I made a mistake in saying that Pee-Wee was there and that he was the shooter. I knew Pee-Wee from the neighborhood, and I thought he was cute. The person that I saw shoot Gonzales was cute and looked like Pee-Wee. That is why I thought Pee-Wee was the shooter. My vision is very poor, and I am virtually legally blind. My vision was like this at the time of the crime. I have the paperwork to prove this. The crime occurred when it was dark, at a distance from my window, and I did not have my glasses on. Several times since the crime, I have seen, with my poor vision, several men that are cute that look like Pee-Wee. Before the trial, I told Pee-Wee's lawyer, Jules Epstein, that I could have made a mistake in telling the police that Pee-Wee was the shooter and that I had recently seen a man who looked just like Pee-Wee. Therefore, by this affidavit, I am recanting the testimony that I gave at Pee-Wee's trial that Pee-Wee shot Gonzales. Pee-Wee did not shoot Gonzales, and he was not at the crime scene. I have not been pressured in any way to make this affidavit.

I feel bad that I have not come forward sooner, but I never wanted to be involved in this. I was confused, poor, and did not know what to do. I was afraid to go to the police or the DA. I have told several people in the neighborhood that I made a mistake in saying Pee-Wee was the shooter. Recently, Mike Veasy, Pee-Wee's nephew, ran into me. He had just gotten out of jail. He knew I had testified against Pee-Wee and that I had told people that I had made a mistake in saying Pee-Wee was involved in the shooting of Gonzales. He aked me if I would be willing to talk to a lawyer about the matter. I said yes. William Tyson, who is a full-time professor at the University of Pennsylvania and a lawyer, eventually contacted me. He runs a prison clinic at the Law School and has been working with his students on Pee-Wee's case. He said he had also spoken with Jules Epstein. Mr. Tyson told me that Mr. Epstein thinks that Pee-Wee is absolutely innocent and that he wakes up at night thinking about the fact that an innocent man is in jail for life. The same thing often happens to me. I told Mr. Tyson about my mistake and he prepared this affidavit for my signature.

19 Nov 2001

Denise Mitchell
1514 Ruffner Street
Philadelphia, PA 19140

**EXHIBIT NO. "B"**